Although I concur with the judgment and the opinion of the majority with respect to appellant's first assignment of error, I respectfully dissent as to its disposition of his second assigned error for the following reasons.
In rejecting appellant's second assignment of error, the majority holds that the protections of R.C. 4112.02(A) currently do not extend to discrimination based on sexual orientation. This statement is only partially correct.
Generally speaking, under R.C. 4112.02(A), there are two types of actionable sexual harassment: "(1) `quid pro quo' harassment, i.e., harassment that is directly linked to the grant or denial of a tangible economic benefit, or (2) `hostile environment' harassment, i.e., harassment that, while not affecting economic benefits, has the purpose or effect of creating a hostile or abusive working environment." (Emphasis sic.) Hampel v. Food Ingredients Specialties, Inc.,89 Ohio St.3d 169, paragraph one of the syllabus, 2000-Ohio-128. With respect to hostile-environment sexual harassment, the Supreme Court has held that "R.C. 4112.02(A) protects men as well as woman from all forms of sex discrimination in the workplace, including discriminationconsisting of same-sex sexual harassment." (Emphasis added.) Hampel at paragraph three of the syllabus. To establish a claim of hostile-environment sexual harassment, a plaintiff must show the following:
 "(1) that the harassment was unwelcome, (2) that the harassment was based on sex, (3) that the harassing conduct was sufficiently severe or pervasive to affect the `terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment,' and (4) that either (a) the harassment was committed by a supervisor, or (b) the employer, through its agents or supervisory personnel, knew or should have known of the harassment and failed to take immediate and appropriate corrective action." Id. at 176-177.
Furthermore, although sex "is the sine qua non for any sexual harassment case[,]" the offending "`conduct need not be motivated by sexual desire to support an inference of discrimination on the basis of sex.'" (Emphasis sic.) Id. at 178, quoting Oncale v. Sundowner OffshoreServ., Inc. (1998), 523 U.S. 75, 80. In other words, "actions that are simply abusive, with no sexual element, can support a claim for sexual harassment if they are directed at an employee because of his or her sex." Hampel at 178. Accordingly, a person's sexual orientation is actually immaterial when claiming hostile-environment sexual harassment.
A review of appellant's complaint clearly shows that he asserted a cause of action based on hostile-environment sexual harassment. Specifically, appellant alleged that he was subject to continuous harassment because of his sexual orientation, and that the conduct was so severe or pervasive that it affected the "terms, conditions, or privileges of [his] employment * * *."
Accepting the allegations in appellant's complaint as true, I firmly believe that the trial court erred in granting appellees' motion to dismiss. Whether or not the protections of R.C. 4112.02(A) currently extend to discrimination based on sexual orientation in areas other than hostile-environment sexual harassment claims is immaterial to this case because the Supreme Court in Hampel clearly stated that a person could pursue a claim under R.C. 4112.02(A) for hostile-environment sexual harassment, including cases involving same-sex sexual harassment.
For these reasons, I respectfully dissent.